UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID BOLLINGER, | Case No. 2:98-cv-01263-MMD-PAL |
| Petitioner, | |
| v. | ORDER |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

In this capital habeas corpus action, the Court denied David Bollinger's third amended petition for writ of habeas corpus on March 4, 2015 (dkt. no. 243), and judgment was entered accordingly on March 5, 2015 (dkt. no. 244). On April 3, 2015, Bollinger filed a timely notice of appeal (dkt. no. 247).

On April 2, 2015, Bollinger filed a "Motion for Extension of Time to File a Rule 59(3) Motion" (dkt. no. 246), requesting that the time for him to file a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) be extended by 45 days, or to May 18, 2015.

Federal Rule of Civil Procedure 59(e) states: "A motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Courts are expressly prohibited from extending that 28-day filing period. Federal Rule of Civil Procedure 6(b)(2) states: "A court *must not extend* the time to act under Rules 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2) (emphasis added). The time limit in Rule 59(e) is strictly construed. *See Northern Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th Cir.1988) (time limit in Rule 59(e) is "strictly

construed"); *see also Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir.1984) (time limit in Rule 59(e) "cannot be extended by the court"). The Court, therefore, must deny Bollinger's motion for extension of time.

On March 26, 2015, respondents filed a Motion for Substitution of Respondent (dkt. no. 245), requesting that Adam Paul Laxalt be substituted for Catherine Cortez Masto as the respondent Attorney General of the State of Nevada, as Laxalt now holds that office. Federal Rule of Civil Procedure 25(d) provides:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d). Pursuant to Rule 25(b), and good cause appearing, the Court will grant respondents' motion.

It is therefore ordered that petitioner's Motion for Extension of Time to File a Rule 59(3) Motion (dkt. no. 246) is denied.

It is further ordered that respondents' Motion for Substitution of Respondent (dkt. no. 245) is granted. The Clerk of the Court shall update the docket in this case to reflect that Adam Paul Laxalt is substituted for Catherine Cortez Masto as the respondent Attorney General of the State of Nevada.

DATED THIS 8th day of April 2015.

  
_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE