UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAVID BOLLINGER,

Petitioner,

v.

WILLIAM GITTERE, *et al.*,

Respondents.

Case No. 2:98-cv-01263-MMD-PAL

ORDER

This is a habeas corpus action brought by David Bollinger, a Nevada prisoner under sentence of death. The Court denied Bollinger's habeas petition on March 4, 2015 (ECF No. 243), and judgment was entered on March 5, 2015 (ECF No. 244). Bollinger appealed, and the case is pending on appeal in the Ninth Circuit Court of Appeals.

On August 22, 2018, Bollinger filed a motion for leave to supplement his petition (ECF No. 256), along with the proposed supplement (ECF No. 257), and then the following day, August 23, 2018, he filed a motion for relief from judgment (ECF No. 259). Respondents filed an opposition to each motion on October 29, 2018 (ECF Nos. 264, 265). Bollinger filed replies on November 28, 2018 (ECF Nos. 267, 268).

Bollinger moves for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6). Bollinger seeks to return to this Court, and have the judgment vacated, so that he can assert what he characterizes as a new claim for habeas corpus relief, a claim that "participation by the prosecuting agency in an investigation of the trial judge created an intolerable risk of judicial bias." (*See* Supplement to Petition (ECF No. 257) at 2.)

Bollinger represents that he initiated a habeas action in state court in 2017 asserting this new claim and the state court held an evidentiary hearing relative to the claim. Bollinger further represents that as a result of that evidentiary hearing he discovered evidence supporting the claim, as well as evidence supporting an argument that there was cause for any procedural default of the claim. (*See* Motion for Relief from

Judgment (ECF No. 259) at 3, 7-9, 11, 15.) Apparently, the state district court ultimately dismissed Bollinger's new claim as procedurally barred, and Bollinger has appealed that ruling to the Nevada Supreme Court, where the appeal is currently pending. (*See id.* at 16; *see also* Opposition to Motion for Relief from Judgment (ECF No. 265) at 2.)

Rule 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) (first citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988); and then citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949)). Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Gonzalez*, 545 U.S. at 536.

As this case is pending on appeal, this Court is without jurisdiction at this time to grant Bollinger's motion for relief from judgment, or his motion for leave to supplement his Petition. The Court will, therefore, deny both motions without prejudice to Bollinger renewing the motions, or making similar motions, if and when this action is remanded.

Although the appeal deprives this Court of jurisdiction to grant the motion for relief from judgment, Fed. R. Civ. P. 62.1 allows the Court to consider the merits of the motion and: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). If the Court states that it would grant the motion or that the motion raises a substantial issue, the moving party must promptly notify the clerk of the court of appeals. *See* Fed. R. Civ. P. 62.1(b). It is then up to the court of appeals whether to remand for further proceedings. *See* Fed. R. Civ. P. 62.1(c). An indicative ruling—that the motion raises a substantial issue—does not bind the district court to any particular ruling after remand. *See In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1060, 1066 (C.D. Cal. 2011).

The Court determines that Bollinger's motion for relief from the judgment raises a substantial issue. Considering the gravity of Bollinger's new claim, in the context of this

capital habeas corpus action, together with the circumstance that Bollinger claims to have recently discovered evidence supporting the claim, as well as evidence showing cause for any procedural default of the claim, the Court finds that there is a substantial issue whether there are extraordinary circumstances warranting relief from the judgment such that Bollinger may assert his new claim in this action.

It is therefore ordered that Petitioner's Motion for Relief from Judgment (ECF No. 259) is denied without prejudice for lack of jurisdiction.

It is further ordered that Petitioner's Motion for Leave to Supplement Petition (ECF No. 256) is denied without prejudice for lack of jurisdiction.

The Court issues an indicative ruling under Federal Rule of Civil Procedure 62.1 regarding the motion for relief from judgment. The Court finds that the motion raises a substantial issue, as described above. If the Ninth Circuit Court of Appeals remands this action after receiving notice of this order, this Court would entertain renewed motions by Petitioner for relief from judgment and to amend or supplement his petition.

DATED THIS 13th day of December 2018.

MIRANDA M. DU,
UNITED STATES DISTRICT JUDGE