|   |   |   |
|---|---|---|
| 1 | | |
| 2 | UNITED STATES DISTRICT COURT | |
| 3 | DISTRICT OF NEVADA | |
| 4 | * * * | |
| 5 | | |
| 6 | DAVID BOLLINGER, | Case No. 2:98-cv-01263-MMD-PAL |
| 7 | Petitioner, v. | ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR LEAVE TO SUPPLEMENT PETITION (ECF NOS. 270, 271) |
| 8 | WILLIAM GITTERE, *et al.*, | |
| 9 | Respondents. | |

In this habeas corpus action, brought by David Bollinger, a Nevada prisoner under sentence of death, the Court denied Bollinger's habeas petition on March 4, 2015 (ECF No. 243), and judgment was entered on March 5, 2015 (ECF No. 244). Bollinger appealed, and the case is pending on appeal in the Ninth Circuit Court of Appeals.

On August 22, 2018, Bollinger filed a motion for leave to supplement his petition (ECF No. 256), along with the proposed supplement (ECF No. 257), and the following day, August 23, 2018, he filed a motion for relief from judgment (ECF No. 259).[1]

In an order entered December 13, 2018 (ECF No. 269), the Court determined that, because the case was pending on appeal, it was without jurisdiction to grant the motions, and, therefore, denied the motions without prejudice to Bollinger renewing them if and when the action was remanded from the Court of Appeals. In the December 13 order, this Court included an indicative ruling, under Federal Rule of Civil Procedure 62.1, that Bollinger's motion for relief from the judgment raises a substantial issue. (ECF No. 269 (order entered December 13, 2018).)

---

[1]Respondents filed an opposition to each motion on October 29, 2018 (ECF Nos. 264, 265), and Bollinger filed replies on November 28, 2018 (ECF Nos. 267, 268).

On December 20, 2018, the Court of Appeals ordered a limited remand of this case, pursuant to Federal Rule of Appellate Procedure 12.1(b), for this Court to consider Bollinger's motion for relief from judgment. (*See* Order entered December 20, 2018, Docket Entry No. 61, in Ninth Circuit Court of Appeals Case No. 15-99007.)

On February 19, 2019, Bollinger renewed his motion for relief from judgment (ECF No. 270), and his motion for leave to supplement his petition (ECF No. 271). Respondents filed oppositions to both motions on March 12, 2019 (ECF Nos. 273, 274), and Bollinger filed replies on March 25, 2019 (ECF Nos. 276, 277).

Bollinger moves for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6). He seeks to return to this Court, and have the judgment vacated, so that he can assert what he characterizes as a new claim for habeas corpus relief, a claim that "participation by the prosecuting agency in an investigation of the trial judge created an intolerable risk of judicial bias." (ECF No. 257 at 2 (Supplement to Petition).) Bollinger represents that, in 2017, he initiated a habeas action in state court, and the state court held an evidentiary hearing, and as a result of that evidentiary hearing he discovered evidence supporting his new judicial bias claim, as well as evidence supporting an argument that there was cause for any procedural default of the claim. (ECF No. 259 at 3, 7-9, 11, 15 (Motion for Relief from Judgment).)

Bollinger's third amended habeas petition already includes a claim of judicial bias, in which he asserts that the trial judge, Judge Jerry Whitehead, "could not act with the impartiality and fairness required under the due process clause because he was subject to intense media scrutiny related to an ethics inquiry during the Bollinger proceedings." (ECF No. 168 at 127-34 (Third Amended Petition).) Bollinger's new claim, Claim 7D, in his proposed supplement to his third amended petition, appears to be substantially different: in Claim 7D, Bollinger asserts that "[p]articipation by the prosecuting agency in an investigation of the trial judge created an intolerable risk of judicial bias." (ECF No. 257 at 3 (Supplement to Petition for Writ of Habeas Corpus).) Bollinger cites *Rippo v. Baker*, 137 S. Ct. 905 (2017), and *Echavarria v. Filson*, 896 F.3d 1118 (9th Cir. 2018), among

other cases, as legal support for his new claim. (ECF No. 257 at 6 (Supplement to Petition for Writ of Habeas Corpus).) Bollinger summarizes the factual basis for his new claim as follows:

> While prosecuting Mr. Bollinger for capital murder, the Washoe County District Attorney's office (WCDA) was assisting in investigations into Washoe County District Judge Jerry Whitehead. Despite this fact, Judge Whitehead presided over Mr. Bollinger's trial.
>
> Throughout his post-conviction proceedings, Mr. Bollinger has insisted that Judge Whitehead was biased against him. But his initial state post-conviction counsel also represented Judge Whitehead during the various investigations, and they convinced Mr. Bollinger to abandon his claim accusing their far more powerful client of bias.

(ECF No. 270 at 3 (Motion for Relief from Judgment).) More specifically, referring to the transcript of the state court evidentiary hearing held November 2, 2017 (ECF No. 258-1 (Petitioner's Exh. 371)), Bollinger describes as follows the information he claims to have discovered for the first time by means of that evidentiary hearing:

> First, former Washoe County Deputy District Attorney Larry Sage testified that (1) around the time of Mr. Bollinger's trial, Mr. Sage was actively participating in the federal criminal investigation into Judge Whitehead, ECF No. 258-1 at 148-52; (2) that participation included Mr. Sage testifying against Judge Whitehead before a federal grand jury, *id.* at 149-52; and (3) Judge Whitehead was so concerned about the federal criminal investigation that he and his attorney, Mr. [John] Ohlson, confronted Mr. Sage in an attempt to intimidate him into changing his testimony, *id.* at 152-55, 158-62. Mr. Sage additionally admitted at the November 2017 hearing that he had never before told anyone about his federal grand jury testimony or his confrontation with Judge Whitehead. *Id.* at 166-67. Mr. Bollinger had not mentioned Mr. Sage in any of his previous federal pleadings because he did not know about this information until the investigation leading to the 2017 evidentiary hearing. Mr. Sage's testimony is newly discovered evidence.
>
> Second, former Washoe County DA Dorothy Nash Holmes testified about the WCDA's involvement in the federal criminal investigation into Judge Whitehead. ECF No. 258-1 at 80, 92-93. Mr. Bollinger previously had only scattered news items suggesting the WCDA's participation in the federal investigation. *See* ECF No. 258-3. Ms. Holmes's sworn testimony confirming those news items is newly discovered evidence. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (rejecting state's argument that "scattered news items and court filings" were sufficient "to put [petitioner] on notice" of facts supporting judicial bias claim).
>
> Third, Mr. Springgate [John Springgate, who, along with John Ohlson, of the firm of Ohlson and Springgate, represented Bollinger in his first state habeas action] testified that he knew that his law partner, Mr.

3

>Ohlson, had represented Judge Whitehead, but he did not remember informing Mr. Bollinger of the resulting conflict. ECF No. 258-1 at 105-07, 118. And, he added, that failure occurred despite regularly consulting with Mr. Ohlson on cases—including on Mr. Bollinger's. *Id.* at 108-12. Finally, Mr. Springgate testified that Mr. Bollinger had requested he raise a claim of judicial bias, which Mr. Springgate did initially, but counsel—both Mr. Ohlson and Mr. Springgate—persuaded Mr. Bollinger to omit the claim from the amended state post-conviction petition. *Id.* at 113-18. Before the 2017 state evidentiary hearing, Mr. Bollinger had only some suggestions from billing records that Mr. Ohlson and Mr. Springgate had collaborated on his case. This sworn testimony—concerning Mr. Bollinger's insistence on a judicial bias claim, how that claim came to be omitted from the amended petition, and counsel's failure to inform Mr. Bollinger of a known conflict—is all newly discovered.

(ECF No. 277 at 5-7 (Reply in Support of Motion for Relief from Judgment); *see also* ECF No. 276 at 7 (Reply in Support of Motion for Leave to Supplement Petition) ("[I]t was not until the evidentiary hearing in November 2017 when Mr. Bollinger learned for the first time (1) the full extent of the WCDA's cooperation with the federal investigation, (2) Judge Whitehead's attempts to intimidate a WCDA employee into changing his testimony to a federal grand jury, and (3) Mr. Ohlson's participation in Judge Whitehead's intimidation scheme.").)

Federal Rule of Civil Procedure 60(b)(6) "permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) (first citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988), then citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949) (opinion of Black, J.)). Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Gonzalez*, 545 U.S. at 536.

The Court determines that Bollinger's discovery of evidence suggesting that the district attorney who prosecuted him prompted, and actively participated in, an investigation of the judge who presided over his case, and, while presiding over his case, the judge and the judge's attorney—who was appointed by the judge to represent Bollinger in his first state habeas action, in which claims of judicial bias were not pursued—attempted to pressure a deputy district attorney into changing testimony relative to the investigation, is an extraordinary circumstance warranting relief from the

judgment in this case under Rule 60(b). There is no showing that Bollinger has been less than diligent in discovering the new evidence described above and asserting his new judicial bias claim. The Court will, therefore, grant Bollinger's motion for relief from the judgment (ECF No. 270), and will vacate the judgment in this case so that Bollinger may pursue, in this action, his new Claim 7D, a claim of judicial bias set forth in Bollinger's Supplement to Petition for Writ of Habeas Corpus (ECF No. 257). In the further proceedings in this action, the Court does not intend to revisit any of the claims in Bollinger's third amended habeas petition that have already been adjudicated.

The Court will also grant Bollinger's motion for leave to supplement his petition (ECF No. 271) to include Claim 7D in his third amended petition. Under the Federal Rules of Civil Procedure, courts are to "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). Here, given the nature of the new evidence allegedly discovered for the first time by Bollinger by means of the November 2017 state court evidentiary hearing, the Court finds that the interests of justice weigh in favor of granting leave to amend, that the proposed amendment would not necessarily be futile, that there is no showing that Bollinger's request to amend is in bad faith, that the State will not suffer undue prejudice if amendment is allowed, and that there is no showing that Bollinger could have amended in this manner earlier. *See Foman*, 371 U.S. at 182 (providing considerations in ruling on motions for leave to amend); *Waldrip*, 548 F.3d at 732 (same).

Under Federal Rule of Civil Procedure 15, the proposed "supplement" to Bollinger's petition is in fact an amendment, not a supplement, as the events described in the new claim occurred before the date of the original petition. *See* Fed. R. Civ. P. 15(d). However, under the circumstances here, in the interests of judicial economy and conserving the parties' resources, the Court will waive the requirements of Local Rule LR 15-1 ("The proposed amended pleading must be complete in and of itself without reference to the superseded pleading...."). Bollinger's Third Amended Petition for Writ of

5

1    Habeas Corpus (ECF No. 168) will be considered amended to include Claim 7D, which
2    is set forth in Bollinger's Supplement to Petition for Writ of Habeas Corpus (ECF No. 257).

3    In granting Bollinger's motion for relief from judgment and his motion for leave to
4    supplement his petition, the Court intends to convey no opinion whatsoever regarding the
5    procedural viability of Claim 7D, with respect to the statute of limitations, exhaustion,
6    procedural default, or any other procedural issue, and no opinion whatsoever regarding
7    the merits of Claim 7D. Those issues will be adjudicated through further proceedings in
8    this action.

9    Moving forward, it appears that the question of the exhaustion of state court
10   remedies with respect Claim 7D should be addressed first, before other procedural issues
11   and before the merits of the claim. (ECF No. 274 at 4-5 (Opposition to Motion for Relief
12   from Judgment) (expressing concerns regarding reopening of this action relative to
13   interests of comity).) As the Court understands it, Bollinger has a habeas action pending
14   in state court, in which he has asserted a claim like the one in his new Claim 7D in this
15   case; apparently the state district court has denied relief in that case on procedural
16   grounds, and the case is now on appeal before the Nevada Supreme Court. (ECF No.
17   270 at 16-17 (Motion for Relief from Judgment); ECF No. 273 at 2 (Opposition to Motion
18   for Leave to Supplement Petition).) If that is so, there may be an issue whether this action
19   should be stayed pending completion of that state court proceeding. The Court will
20   entertain briefing regarding this issue as a first matter. Bollinger will be granted an
21   opportunity to notify the Court, by means of a notice or motion, of his position regarding
22   the exhaustion of Claim 7D and the question whether this case should be stayed pending
23   completion of the state court proceeding. Respondents will be granted an opportunity to
24   respond, and then Bollinger to reply.

25   It is therefore ordered that Petitioner's motion for relief from judgment (ECF No.
26   270) is granted. The judgment entered in this action on March 5, 2015 (ECF No. 244) is
27   vacated. This action will be reopened for adjudication of Petitioner's Claim 7D, which is
28   set forth in Petitioner's Supplement to Petition for Writ of Habeas Corpus (ECF No. 257).

It is further ordered that the Clerk of Court is directed to administratively reopen this action.

It is further ordered that Petitioner's motion for leave to supplement petition (ECF No. 271) is granted. Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF No. 168) will be treated as amended to include Claim 7D, which is set forth in Petitioner's Supplement to Petition for Writ of Habeas Corpus (ECF No. 257).

It is further ordered that Petitioner will have 30 days from the date of this order to notify the Court, by means of a notice or motion, of his position regarding the exhaustion of Claim 7D and the question whether this case should be stayed pending completion of the state court proceeding. Respondents will have 30 days to respond, then Petitioner will have 15 days to reply.

It is further ordered that the Clerk of Court is directed to transmit a copy of this order to the Ninth Circuit Court of Appeals, with reference to Case No. 15-99007 in that court.

It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to substitute Aaron D. Ford for Adam Paul Laxalt as the respondent Nevada Attorney General on the docket for this case.

DATED THIS 7th day of June 2019.

MIRANDA M. DU,
UNITED STATES DISTRICT JUDGE