UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID BOLLINGER, <br><br> Petitioner, <br> v. <br><br> WILLIAM GITTERE, *et al.*, <br><br> Respondents. | Case No. 2:98-cv-01263-MMD-PAL <br><br> ORDER GRANTING MOTION TO VACATE STAY AND REOPEN CAPITAL HABEAS CORPUS PROCEEDING <br> (ECF NO. 290) |

This capital habeas corpus action was stayed, pending proceedings in state court, on September 10, 2019. (ECF No. 285.) On March 9, 2020, Petitioner David Bollinger filed a motion to vacate stay and reopen capital habeas corpus proceeding ("Motion"). (ECF No. 290.) Petitioner represents in his Motion that the state-court proceedings have concluded. (*Id.*) Respondents filed a notice of non-opposition to Petitioner's Motion on March 23, 2020. (ECF No. 291.) Therefore, the Court finds good case to grant the motion to lift the stay and reopen this action and will set a schedule for further proceedings.

It is therefore ordered that Petitioner's motion to vacate stay and reopen capital habeas corpus proceeding (ECF No. 290) is granted. The stay of this action is lifted. The Clerk of the Court is directed to update the docket accordingly.

It is further ordered that the following schedule will govern further proceedings in this action:

Response to Claim 7(D): Respondents will have 90 days from the date of this order to file a supplemental answer or other response to Petitioner's Claim 7(D).

Reply and Response to Reply: Petitioner will have 60 days following the filing of a supplemental answer to file a reply. Respondents will thereafter have 45 days following the filing of a reply to file a response to the reply.

Briefing of Motion to Dismiss: If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 45 days following the filing of the response to file a reply.

Discovery: If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' supplemental answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

Evidentiary Hearing: If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' supplemental answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 31st day of March 2020.

_____
MIRANDA M. DU,
CHIEF UNITED STATES DISTRICT JUDGE