UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BOLLINGER, <br><br>               Petitioner, <br><br> v. <br><br> WILLIAM GITTERE, *et al.*, <br><br>               Respondents. | Case No. 2:98-cv-01263-MMD-BNW <br><br> ORDER |

### I.   SUMMARY

In this capital habeas corpus action, the Court denied Petitioner David Bollinger's habeas petition in 2015, and Bollinger appealed. On December 20, 2018, the Court of Appeals remanded the case to this Court so that Bollinger could seek relief from the judgment to assert a new claim, which he designated Claim 7D. The Court granted Bollinger's motion for relief from judgment and granted him leave to amend his petition to assert Claim 7D. Then, following a stay of the action while Bollinger exhausted Claim 7D in state court, denial of a motion to dismiss Claim 7D, and briefing of the merits of Claim 7D, Respondents filed a motion for reconsideration of the order granting Bollinger relief from the judgment. Respondents argue that in retrospect, in light of the Court of Appeals' intervening decision in *Balbuena v. Sullivan*, 980 F.3d 619 (9th Cir. 2020), *cert. denied sub nom. Balbuena v. Cates*, 141 S. Ct. 2755 (2021), the motion for relief from judgment should have been treated as a successive petition under 28 U.S.C. § 2244(b) and denied because Bollinger has never obtained authorization from the Court of Appeals to file such a successive petition. Respondents argue that after *Balbuena*, under § 2244(b), this Court is now without jurisdiction to adjudicate Claim 7D. The Court determines that

Respondents' motion for reconsideration is meritorious. Without jurisdiction to proceed, the Court must grant Respondents' motion, reinstate the March 15, 2015, judgment, and vacate the order granting Bollinger leave to amend his petition to include Claim 7D.

## II. BACKGROUND

This Court denied David Bollinger's third amended petition for a writ of habeas corpus in an order entered on March 5, 2015 (ECF No. 243), and judgment was entered that same date (ECF No. 244). Bollinger appealed. (ECF No. 247.)

In August 2018, with the appeal still pending, Bollinger filed in this Court a motion for leave to supplement his petition (ECF No. 256) along with the proposed supplement setting forth Claim 7D (ECF No. 257), and then a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (ECF No. 259). On December 13, 2018, the Court denied those motions without prejudice to Bollinger renewing them if the action was remanded. (ECF No. 269.) The Court included in that order an indicative ruling, under Federal Rule of Civil Procedure 62.1, finding that Bollinger's motion for relief from judgment raised a substantial issue. (*Id*. at 3.)

On December 20, 2018, the Court of Appeals ordered a limited remand under Federal Rule of Appellate Procedure 12.1(b), for this Court to consider Bollinger's motion for relief from judgment. (Docket Entry No. 61 in Ninth Circuit Court of Appeals Case No. 15-99007.) Bollinger then renewed his motion for relief from judgment under Rule 60(b) and his motion for leave to supplement his petition (ECF Nos. 270, 271), and on June 17, 2019, the Court granted those motions, vacated the judgment, and granted Bollinger leave of court to amend his petition to include Claim 7D. (ECF No. 279.)

On September 10, 2019, the Court stayed this action pending completion of state-court proceedings in which Bollinger sought to exhaust Claim 7D in state court. (ECF No. 285.) After completion of the state-court proceedings, the stay was lifted in an order entered on April 1, 2020. (ECF No. 292.)

On June 29, 2020, Respondents filed a motion to dismiss Claim 7D (ECF No. 293), arguing that the claim is procedurally defaulted. On March 2, 2021, finding the procedural default issue to be intertwined with the merits of the claim, the Court denied the motion to dismiss without prejudice to Respondents asserting the procedural default defense in their answer to Claim 7D. (ECF No. 298.)

Respondents filed a supplemental answer, responding to Claim 7D, on August 31, 2021. (ECF No. 309.) Bollinger filed a reply (ECF No. 310), and Respondents filed a response to the reply. (ECF No. 320.) Then, in the wake of the Supreme Court's decision in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), the parties amended their merits briefing regarding Claim 7D to incorporate their positions regarding the effects of *Ramirez*. (ECF Nos. 323, 327, 332.)

Shortly after the parties completed the merits briefing, Respondents filed their motion for reconsideration on January 13, 2023, requesting reconsideration of the Court's order granting the motion for relief from judgment. (ECF No. 333.) Respondents' motion is based on the Court of Appeals' decision in *Balbuena,* which was issued on August 17, 2020, and amended on November 17, 2020. *See Balbuena*, 980 F.3d at 619, 624. In *Balbuena*, the Court of Appeals held that a motion for relief from judgment, under Rule 60(b), made during the appeal from a denial of a habeas petition, asserting a claim for habeas corpus relief, is to be treated as a successive petition under 28 U.S.C. § 2244(b). *Id*. at 639-42. Respondents argue that now, after *Balbuena,* Bollinger's motion for relief from judgment to assert Claim 7D should have been treated as a successive petition under § 2244(b) and denied, because Bollinger has never obtained authorization from the Court of Appeals, and this Court is without jurisdiction to proceed. Bollinger filed an opposition to the motion for reconsideration on January 27, 2023. (ECF No. 334.) Respondents filed a reply on February 2, 2023. (ECF No. 335.)

///

3

### III.  DISCUSSION

Under 28 U.S.C. § 2244(b), before a habeas petitioner may file a second or successive petition in a district court, the petitioner must obtain authorization to do so from the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Section 2244(b) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). A district court lacks jurisdiction to consider the merits of a successive habeas petition in the absence of authorization from the Court of Appeals. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)), *cert. denied*, 538 U.S. 984 (2003); *see also Balbuena*, 980 F.3d at 635. The Court of Appeals may authorize a second or successive petition under § 2244(b), if it determines that the petitioner makes a prima facia showing: (1) that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b).

In his motion for relief from judgment, Bollinger asserted that his motion should not be treated as a successive petition under § 2244(b), in part because his "appeal from this Court's denial of his initial federal petition remain[ed] pending." (ECF No. 270.) Respondents did not respond to that assertion. (ECF Nos. 273, 274.) Respondents did not at that time take the position that the motion should be treated as a successive petition under § 2244(b). (*Id.*) That is not surprising, however, given that *Balbuena* had not then been decided. *Balbuena* was decided more than a year after Bollinger's motion for relief from judgment was briefed and addressed by the Court.


Bollinger complains that Respondents took more than two years after the Court of Appeals' decision in *Balbuena* to raise the issue of the application of § 2244(b) under the Court of Appeals' holding in that case. But that delay too is unsurprising. When *Balbuena* was decided, Bollinger's motion for relief from judgment had long been resolved, and the parties had moved on to briefing Respondents' motion to dismiss Claim 7D and to their briefing of that claim on its merits. And, at any rate, it is undisputed that Respondents' motion for reconsideration raises a jurisdictional issue. See *Balbuena*, 980 F.3d at 635; *Cooper*, 274 F.3d at 1274. The timing of Respondents' motion for reconsideration is not determinative. If the Court is without jurisdiction to adjudicate Claim 7D, the motion for reconsideration must be granted and the judgment reinstated.

In response to the motion for reconsideration, Bollinger makes several arguments to the effect that, because of the nature of his motion for relief from the judgment, it should not be treated as a successive petition under § 2244(b), and *Balbuena* therefore has not left the Court without jurisdiction.

Bollinger primarily argues that Claim 7D is the same claim as Claim 7C of his third amended habeas petition (ECF No. 168 at 127-34), which was dismissed on procedural default grounds, only with newly discovered evidence supporting it and with a slightly different focus; therefore, he argues, § 2244(b) does not apply. (ECF No. 334; ECF No. 232 (order dismissing Claim 7C and other claims as procedurally defaulted).)

In Claim 7D, Bollinger claims that his federal constitutional rights were violated because of judicial bias on the part of the trial judge. (ECF No. 257.) Specifically, in Claim 7D, Bollinger alleges that throughout his trial, the trial judge was the subject of a criminal investigation; the Washoe County District Attorney ("WCDA") was partly responsible for prompting, and actively participated in, the investigation; the trial judge knew of the WCDA's part in the investigation; the trial judge attempted to influence the testimony of a WCDA employee with respect to the investigation; and the investigation, and the trial

judge's knowledge of it and actions with respect to it, gave rise to a risk of bias in Bollinger's case that was too high to be constitutionally tolerable. (*Id*.) Contrary to Bollinger's argument, Claim 7D is not the same claim as Claim 7C. A comparison of Bollinger's pleading of Claim 7C and his pleading of Claim 7D reveals substantial differences between the two claims. Claim 7C was a claim of judicial bias based on the trial judge's alleged bias caused by "intense media scrutiny related to an ethics inquiry." (ECF No. 168 at 127-34). Claim 7D, on the other hand, is a claim of judicial bias based on the trial judge's alleged bias caused by "participation by the prosecuting agency in an investigation of the trial judge." (ECF No. 257.)

It is only in response to the motion for reconsideration that Bollinger has taken the untenable position that Claims 7D and 7C are the same claim. In arguing in support of his motion for relief from judgment and his motion for leave to amend his petition, Bollinger repeatedly referred to Claim 7D as a new claim. (*See, e.g.*, ECF No. 271 at 3 ("a more substantial claim of judicial bias"); ECF No. 271 at 13 ("Mr. Bollinger has not previously attempted to supplement his petition with this claim, nor could he. Until the November 2017 evidentiary hearing, the basis for this claim was not reasonably available."); ECF No. 276 at 2 ("[T]he state confuses Mr. Bollinger's new claim with his old one…."); ECF No. 276 at 4, n.1 ("new claim"); ECF No. 276 at 6 ("In any event, the facts underlying Mr. Bollinger's proposed new claim were not reasonably available until the evidentiary hearing in November 2017."); ECF No. 277 at 3 ("Mr. Bollinger's current claim is different and based on newly discovered facts."); ECF No. 277 at 5, 8 ("new claim").)

The Court finds that Claim 7D is a new claim, different from Claim 7C of Bollinger's third amended petition; it is based on different evidence, and it asserts a substantially different theory of judicial bias.

The Court also finds without merit Bollinger's argument that because Claim 7C—which, again, Bollinger characterizes as the same as Claim 7D—was dismissed on procedural default grounds, § 2244(b) does not apply.

It is well established in this circuit that where a habeas petition has been dismissed on the ground of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition successive under 28 U.S.C. § 2244(b). The Ninth Circuit Court of Appeals ruled squarely on this issue in *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). The court explained that it "joined the Second Circuit in holding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." *Id.* at 1052-53. The Ninth Circuit Court of Appeals reaffirmed this rule some four years later in *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (a case cited by Bollinger in his response to the motion for reconsideration). Since then, district courts in the circuit have repeatedly applied this rule. *See, e.g.*, *Howard v. Moore*, 2022 WL. 5249386 at *3 (C.D. Cal. 2022); *Booth v. Gastelo*, 2021 WL 3022413 at *1 (S.D. Cal. 2021); *Labert v. Long*, 2021 WL 949430 at *2 (E.D. Cal. 2021); *Bell v. Williams*, 2019 WL 11693408 at *1 (D. Nev. 2019); *Roach v. Washington*, 2018 WL 2291407 at *1 (W.D. Wash. 2018); *Scott v. Ryan*, 2015 WL 13734995 at *11 (D. Ariz. 2015); *Norra v. Foulk*, 2014 WL 1996002 at *1 (N.D. Cal. 2014); *Grimaldi v. Williams*, 2011 WL 6002933 at *1 (D. Nev. 2011); *Butcher v. Nooth*, 2010 WL 4962926 at *1 (D. Or. 2010).

Notwithstanding this precedent, Bollinger argues:

> . . . *Balbuena* reaffirms that "a movant does not make a habeas corpus claim, and therefore does not file a successive petition, 'when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, *procedural default*, or statute-of-limitations bar.'" *Balbuena*, 980 F.3d at 635 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) (emphasis added). The Ninth Circuit has long held that a petition "is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1028 (9th Cir.

2009). But Bollinger's judicial bias claim was never adjudicated on the merits—either by this Court or the Nevada state courts. Because this Court rejected Bollinger's judicial-bias claim on grounds of procedural default, it did not adjudicate the claim on the merits. *See Gonzalez*, 545 U.S. at 532 n.4; *see also Pizzuto v. Ramirez*, 783 F.3d 1171, 1176 (9th Cir. 2015); *Cook v. Ryan*, 688 F.3d 598, 608 (9th Cir. 2012).

(ECF No. 334 at 4 (emphasis in original).)

In *Balbuena*, the petitioner—like Bollinger in this case—asserted a new claim for habeas corpus relief in his motion for relief from judgment. *See Balbuena*, 980 F.3d at 636-37 ("Here, like the petitioner in [*Beaty v. Schiro*, 554 F.3d 780 (9th Cir. 2009)], Balbuena sought to add a new claim after the district court denied his petition and he appealed that denial."). Therefore, the exceptions to the application of § 2244(b) mentioned in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), did not apply in *Balbuena*, as they do not apply in this case.

In *Gonzalez*, on the other hand, unlike in this case and unlike in *Balbuena*, the petitioner's motion for relief from judgment did not assert a new claim, and it was not treated as a successive petition for that reason. *See Gonzalez*, 545 U.S. at 533. *Gonzalez* clearly instructed that a motion for relief from judgment asserting a claim—whether a new claim or a claim already adjudicated but supported by new evidence—is to be treated as a successive petition under § 2244(b). *Id.* at 530-32. That is the case here. Bollinger's motion for relief from judgment asserted a new claim—or, in Bollinger's view, new evidence in support of a claim previously adjudicated. Section 2244(b) applies, and under *Balbuena* it applies even though the motion for relief from judgment was made during Bollinger's appeal.

Further attempting to distance his motion for relief from judgment from the requirements of § 2244(b), Bollinger argues:

> *Balbuena* makes clear that "[a] Rule 60(b) motion is not a subsequent habeas petition when it 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the habeas proceedings.'" 980 F. 3d at 639 (quoting *Gonzalez*, 545 U.S. at 533). Here, Bollinger is attacking a defect in the integrity of the habeas proceeding. He was never given an evidentiary hearing in either state [or]

8

federal court until 2017. At the state hearing in 2017 he developed new evidence supporting both a claim in his petition that was dismissed as procedurally defaulted and evidence that allowed him to overcome that default, and he promptly returned to federal court arguing that the previous dismissal of the judicial bias claim as procedurally defaulted was in error based on the new evidence: namely, that his first state post-conviction counsel failed to raise a claim of judicial bias because he was counsel of record for the judge against whom the bias allegations would need to be raised, and actively participated with the judge in attempting to influence the testimony of a federal grand jury witness who also happened to work for the Washoe County District Attorney's Office. As such, Bollinger's 60(b) motion should not be treated like a habeas petition.

(ECF No. 334 at 5.) The *Gonzalez* Court explained that a new claim is not asserted "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In a footnote, the Court offered fraud on the federal habeas court as an example of the meaning of the phrase "defect in the integrity of the federal habeas proceedings." *Id.* at 532 n.5. The Court went on to explain what is not such a "defect": "[A]n attack based on the movant's own conduct, or his habeas counsel's omissions [. . .] ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.*

In this case, as is discussed above, it is beyond dispute that in his motion for relief from judgment Bollinger sought to advance a claim—in this Court's view a new claim. *See supra*, at 5-6. In his motion for relief from judgment, Bollinger did not claim that there was a "defect" in the adjudication of his habeas petition. (ECF No. 270.) The gist of Bollinger's motion for relief from judgment was that he had discovered new evidence supporting a new claim for relief. (*Id*.)

Bollinger's argument that there was a "defect" in the adjudication of Bollinger's prior Claim 7C is a new argument, appearing only now, in response to Respondents' motion for reconsideration. In opposing Respondents' motion to dismiss in 2013 (ECF No. 215), which motion resulted in dismissal of Claim 7C as procedurally defaulted, Bollinger did not request discovery or an evidentiary hearing concerning the procedural default of

1  Claim 7C, despite the scheduling order specifically providing for such motions. (ECF No.
2  154 (scheduling order).) Nor did Bollinger seek reconsideration of either the order
3  dismissing Claim 7C as procedurally defaulted (ECF No. 232) or the order denying his
4  habeas petition (ECF No. 243) on the ground of denial of discovery or an evidentiary
5  hearing with respect to the procedural default of Claim 7C. And it appears that Bollinger
6  has not raised on appeal any issue regarding any request for discovery or an evidentiary
7  hearing regarding the procedural default of Claim 7C. (Docket Entry No. 61 in Ninth Circuit
8  Court of Appeals Case No. 15-99007 (Appellant's Revised Opening Brief).)

9  In short, there was no "defect" in the proceedings in this action with respect to the
10 adjudication of Claim 7C, as the term was used in *Gonzalez*, and Bollinger's motion for
11 relief from judgment did not claim that there was. Rather, Bollinger's motion for relief from
12 judgment advanced a new claim for habeas corpus relief based on alleged newly
13 discovered evidence. Section 2244(b) applies. *See Jones v. Ryan*, 733 F.3d 825, 833-38
14 (9th Cir. 2013) ("*Gonzalez* held that a legitimate Rule 60(b) motion 'attacks . . . some
15 defect in the integrity of the federal habeas proceedings,' while a second or successive
16 habeas corpus petition 'is a filing that contains one or more "claims,"' defined as 'asserted
17 federal bas[e]s for relief from a state court's judgment of conviction.'" (733 F.3d at 834
18 (quoting *Gonzalez*, 545 U.S. at 530, 532)).).

19 Federal district courts have inherent authority to reconsider interlocutory rulings at
20 any time. *See, e.g.*, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254
21 F.3d 882, 887 (9th Cir. 2001). Reconsideration of an interlocutory order "may be
22 appropriate if (1) there is newly discovered evidence that was not available when the
23 original motion or response was filed, (2) the court committed clear error or the initial
24 decision was manifestly unjust, or (3) if there is an intervening change in controlling law."
25 LR 59-1.

Here, *Balbuena* is intervening case law, holding that 28 U.S.C. § 2244(b) applies to a motion for relief from judgment made during an appeal in a habeas action if it asserts a claim for habeas corpus relief. Now, under *Balbuena*, in the absence of authorization from the Court of Appeals, this Court is without jurisdiction to adjudicate Bollinger's Claim 7D. The Court must, therefore, grant Respondents' motion for reconsideration, vacate the order granting Petitioner's motion for relief from judgment, reinstate the March 5, 2015, judgment, and vacate the order granting Petitioner leave to amend his petition to include Claim 7D in his third amended habeas petition.

A certificate of appealability will be denied with respect to this ruling because jurists of reason would not find it debatable whether this ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.   CONCLUSION

It is therefore ordered that Respondents' Motion for Reconsideration (ECF No. 333) is granted.

It is further ordered that the order granting Petitioner's motion for relief from judgment (ECF No. 279) is vacated. The judgment entered in this action on March 5, 2015 (ECF No. 244) is reinstated.

It is further ordered that the order granting Petitioner leave to amend his petition to include Claim 7D (ECF No. 279) is vacated. Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF No. 168) will no longer be treated as amended to include Claim 7D, which is set forth in Petitioner's Supplement to Petition for Writ of Habeas Corpus (ECF No. 257).

It is further ordered that Petitioner is denied a certificate of appealability relative to the ruling in this order.

It is further ordered that, under Federal Rule of Civil Procedure 25(d), William Gittere is substituted for William Reubart as the respondent warden. The Clerk of Court is directed to update the docket to reflect this change.

It is further ordered that the Clerk of Court is directed to transmit a copy of this order to the Ninth Circuit Court of Appeals, with reference to Case No. 15-99007 in that court.

DATED THIS 24th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE