UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID BOLLINGER, | Case No. 2:98-cv-01263-MMD-BNW |
| Petitioner, | |
| v. | ORDER |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

In this capital habeas corpus action, on February 24, 2023, the Court granted Respondents' motion for reconsideration (ECF No. 333), vacated the order granting Petitioner David Bollinger's 2019 Rule 60(b) motion for relief from judgment (ECF No. 279), reinstated the judgment entered on March 5, 2015 (ECF No. 244), vacated the order granting Bollinger leave to amend his petition to include his Claim 7D (ECF No. 279), ordered that Bollinger's third petition will no longer be treated as amended to include Claim 7D, and denied Bollinger a certificate of appealability. (ECF No. 336.) On March 24, 2023, Bollinger filed a motion to alter or amend judgment under Rule 59(e) or, in the alternative, motion for reconsideration (ECF No. 337) ("motion for reconsideration"), and another motion for relief from judgment under Rule 60(b) (ECF No. 339) ("motion for relief from judgment"). Respondents filed oppositions to those motions on May 15, 2023. (ECF Nos. 355, 356.) Bollinger filed replies on June 1, 2023. (ECF Nos. 358, 359.)

In his motion for reconsideration, Bollinger argues that this Court clearly erred in the February 24 order in treating his 2019 Rule 60(b) motion, which was filed during his appeal, as a successive petition, in light of the intervening ruling of the Court of Appeals

in *Balbuena v. Sullivan*, 980 F.3d 619 (9th Cir. 2020), *cert. denied sub nom. Balbuena v. Cates*, 141 S. Ct. 2755 (2021).

Federal district courts have inherent authority to reconsider interlocutory rulings at any time. *See*, *e.g.*, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Reconsideration of an interlocutory order "may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1.

In the February 24 order, the Court found that Bollinger's 2019 Rule 60(b) motion unquestionably sought to assert a new claim—his Claim 7D—and was therefore, under *Balbuena*, subject to the restrictions that apply to successive habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(b), despite the pendency of his appeal. (ECF No. 336 at 5-6.) In particular, the Court determined:

> Contrary to Bollinger's argument, Claim 7D is not the same claim as Claim 7C. A comparison of Bollinger's pleading of Claim 7C and his pleading of Claim 7D reveals substantial differences between the two claims. Claim 7C was a claim of judicial bias based on the trial judge's alleged bias caused by "intense media scrutiny related to an ethics inquiry." (ECF No. 168 at 127-34). Claim 7D, on the other hand, is a claim of judicial bias based on the trial judge's alleged bias caused by "participation by the prosecuting agency in an investigation of the trial judge." (ECF No. 257.)

(ECF No. 336 at 6.) The Court pointed out that Bollinger himself argued in support of his 2019 Rule 60(b) motion that Claim 7D was a new claim. (*Id*.) Bollinger does not show that the Court clearly erred in this regard.

Bollinger contends, however, that the Court erred in the February 24 order in treating his 2019 Rule 60(b) motion as a successive petition subject to § 2244(b) because, as he characterizes it, his 2019 Rule 60(b) motion sought, in part at least, to present new

2

evidence—some of the same new evidence underpinning his new Claim 7D—to overcome the procedural default of his preexisting Claim 7C. And, in his new motion for relief from judgment (ECF No. 339), Bollinger recasts his 2019 motion as one purporting to seek only to present new evidence to overcome the procedural default of Claim 7C, as opposed to one seeking to present a new claim.

But it remains that both Bollinger's 2019 Rule 60(b) motion and his refashioned Rule 60(b) motion seek to present evidence that adds support to Claim 7C, substantially changing the factual predicate of the claim and transforming it into a new claim. Bollinger cites no authority holding that Rule 60(b) may be applied to allow a petitioner to reopen a judgment, without application of 28 U.S.C. § 2244(b), to present new evidence to attempt to overcome the procedural default of a claim, where the new evidence also would support the claim and put it in a significantly different evidentiary posture, transforming it into a new claim. The cases Bollinger cites (ECF No. 337 at 9-11)—for the most part, dicta in a footnote in *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005), and cases repeating that dicta—do not so hold. *See Gonzalez, supra* (Rule 60(b) motion challenged prior ruling that petition was barred by statute of limitations, not procedural default); *Buck v. Davis*, 580 U.S. 100, 109-28 (2017) (Rule 60(b) motion to reopen judgment for application of then-new holding in *Martinez v. Ryan*, 566 U.S. 1 (2012); no discussion regarding application of § 2244); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 640 (1998) (Rule 60(b) motion to reassert claim that petitioner was incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986), which claim was previously dismissed as premature); *Ybarra v. Filson*, 869 F.3d 1016, 1022-23 (9th Cir. 2017) (Rule 60(b) motion to reassert claim that petitioner was intellectually disabled and therefore ineligible for death penalty under *Atkins v. Virginia*, 536 U.S. 304 (2002), which claim was previously abandoned as unexhausted); *Pizzuto v. Ramirez*, 783 F.3d 1171, 1176 (9th Cir. 2015) (Rule 60(b) motion to reopen judgment for application of then-new holding in *Martinez* to claims of

ineffective assistance of trial counsel previously ruled procedurally defaulted, but new claims asserted in Rule 60(b) motion were subject to § 2244(b); *Cook v. Ryan*, 688 F.3d 598, 608 (9th Cir. 2012) (Rule 60(b) motion to reopen judgment for application of then-new holding in *Martinez*); *cf. Jones v. Ryan*, 733 F.3d 825, 835-37 (9th Cir.), *cert. denied*, 134 S.Ct. 503 (2013) (rejecting attempt to use Rule 60(b) motion and *Martinez* to raise new claims).

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez*, 545 U.S. at 529 (alteration in original) (footnote omitted) (quoting former Rule 11 (now Rule 12) of the Rules Governing Section 2254 Cases in the United States District Courts). Therefore, habeas petitioners cannot use a Rule 60(b) motion to circumvent the restrictions § 2244(b) imposed on successive habeas petitions. *See id.* at 531-32. A Rule 60(b) motion must be treated as a successive petition subject to § 2244(b) when it presents a claim, whether a previously adjudicated claim supported by new evidence or a wholly new claim. *Id*.

Despite Bollinger's characterization of the new evidence presented in his Rule 60(b) motions as evidence to overcome the procedural default of Claim 7C, it is plainly more than that—the new evidence adds support to Bollinger's claim, on its merits, and transforms the claim into one not asserted before.

This is apparent from Bollinger's argument in his new Rule 60(b) motion that, with the new evidence, he can show cause and prejudice with respect to the procedural default of Claim 7C; his prejudice argument is based on the new evidence. (ECF No. 339 at 15-16 ("Moreover, the new evidence allows Mr. Bollinger to demonstrate prejudice.") ("All of these facts were developed and presented in state court in support of Claim Seven C, and they allow Mr. Bollinger to demonstrate prejudice as they support the merits of the claim.").) As such, Bollinger's argument is that he has been prejudiced by not being able

to assert his claim *as supported by the new evidence.* It is the transformed—new—claim that Bollinger seeks to bring before this Court by means of his Rule 60(b) motions.

In arguing in support of his motion for reconsideration, Bollinger in fact acknowledges that it is his intention, if granted relief from the judgment, to use the new evidence not just to attempt to overcome the procedural default of Claim 7C, but also to add to the claim and bolster the claim on its merits. (ECF No. 337 at 18 ("Once this Court granted the 60(b) motion and reopened the judgement to reconsider these procedural arguments, there would have been no jurisdictional impediment to Mr. Bollinger moving to amend his federal petition at that point, or in simply presenting all of the new facts and arguments developed in state court in connection with this Court's de novo review of the defaulted Claim Seven C."); *id*. at 19 ("Once the judgement is reopened on a valid procedural basis, there is no jurisdictional impediment to this Court granting Mr. Bollinger leave to amend, or in considering new facts in connection with the cause and prejudice argument, or in adjudicating the claim under de novo review."); ECF No. 359 at 3 ("Mr. Bollinger asks this Court to embrace its prior acknowledgement of the merits of this case and preserve its prior rulings on the initial 60(b) motion by simply striking that portion of the motion that arguably presents a new claim for relief, ruling that Mr. Bollinger can overcome the default of Claim 7C, and conducting a de novo review of that claim based on all of the evidence that was presented to the state court in support of the claim."); *id*. at 7-8, 14-16.)

The footnote in *Gonzalez* on which Bollinger primarily bases his argument discusses the determination whether or not a Rule 60(b) motion challenges the previous resolution of a claim "on the merits" and thereby includes a claim subject to the restrictions on successive petitions in § 2244(b); the footnote, in its entirety, states:

> The term "on the merits" has multiple usages. *See, e.g.,* Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-503, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C.

5

> §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he *merely* asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Gonzalez*, 545 U.S. at 532 n.4 (emphasis added). The mention of the use of a Rule 60(b) motion to challenge a procedural default ruling was dicta, as *Gonzalez* involved a Rule 60(b) motion challenging a statute of limitations ruling, not a procedural default ruling. But even so, the language in the footnote does not necessarily support Bollinger's position. The Court's use of the word "merely" in that footnote is important. Bollinger's Rule 60(b) motions do not *merely* assert that a previous procedural default ruling precluded a determination of the merits of his Claim 7C; rather, his Rule 60(b) motions also present evidence supporting the claim and substantially changing its factual predicate.

      Bollinger's position that, in his new Rule 60(b) motion, he seeks to reopen the judgment and present new evidence merely to show cause and prejudice relative to the procedural default of Claim 7C, rather than to support the claim on its merits elevates form over substance. Regardless of the form of the motion, Bollinger's aim is to reopen the judgment in this case to bring new evidence before the Court both to overcome the procedural default of Claim 7C (and apparently new Claim 7D as well), and add to the factual predicate of the claim, rendering it a new claim. The case law concerning the interplay between Rule 60(b) and § 2244(b) establishes that it is the effect of a Rule 60(b) motion that matters, not its form. *See, e.g., Gonzalez*, 545 U.S. at 531 ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."). It is an inescapable conclusion that Bollinger's Rule 60(b) motions are an attempt to avoid application of § 2244(b) to his presentation of new evidence supporting, and substantially changing, his Claim 7C. The Court must,

therefore, deny both Bollinger's motion for reconsideration and his new motion for relief from judgment.

The Court rejects Bollinger's argument that "the Ninth Circuit's grant of the limited remand and dismissal of the prior appeal operated as an implicit acknowledgement that Mr. Bollinger's 60(b) [motion] did not constitute a second or successive petition, and itself independently conferred jurisdiction on this Court." (ECF No. 337 at 4; *id*. at 19-24.) The remand occurred before the Court of Appeals decided *Balbuena*, and there is no indication that the parties raised the question whether Bollinger's Rule 60(b) motion had to be treated as a successive petition under § 2244(b) despite the pendency of his appeal, and there is no indication that the Court of Appeals considered that issue. As this is a matter of this Court's jurisdiction, the Court will not presume as much.

Finally, Bollinger argues that denial of his motion for reconsideration and his motions for relief from judgment will result in manifest injustice. (ECF No. 337 at 24-25.) But it is beyond reasonable argument that, by his Rule 60(b) motions, Bollinger seeks to reopen the judgment to present new evidence supporting and substantially altering a claim, and under controlling authority, § 2244(b) applies. The "manifest injustice" that Bollinger apparently perceives is the operation of § 2244(b). *See Gonzalez*, 545 U.S. at 532 ("§ 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b)."); *see also* 28 U.S.C. § 2244(b)(2)(B) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). The application of AEDPA's restrictions on successive habeas petitions, under § 2244(b) as

that statute has been construed by the courts, is not "manifest injustice" that this Court can remedy by granting Bollinger's motion for reconsideration or motion for relief from judgment.

It is therefore ordered that Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) or, in the Alternative, Motion for Reconsideration (ECF No. 337) is denied.

It is further ordered that Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 339) is denied.

It is further ordered that Petitioner is denied a certificate of appealability relative to the rulings in this order as jurists of reason would not find the rulings herein to be debatable or wrong.

It is further ordered that the Clerk of Court is directed to send a copy of this order to the Ninth Circuit Court of Appeals, with reference to Case No. 15-99007 in that court.

DATED THIS 12th Day of June 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE